UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

                                Case No. 2:22-CR-117(19)
    v.                        JUDGE EDMUND A. SARGUS, JR.

GABRIEL SMITH,
        Defendant.

## OPINION AND ORDER

This matter is before the Court on the Motion to Sever filed by Gabriel Smith (ECF No. 460), the Government's Memorandum in Opposition to Defendant's Motion (ECF No. 467), and Defendant Smith's Reply (ECF No. 474). For the reasons set forth below, and those put on-the-record at the in court hearing on July 27, 2024, the Court **DENIES** Defendant's Motion.

**I.**

On May 17, 2022, a federal court order for the interception of wire and electronic communications for three separate telephone lines being utilized by Cordell Washington was obtained as it related to the investigation into a Columbus based drug trafficking organization (DTO) and their illegal activities. On June 17, 2022, that federal court order was renewed for the continued wire and electronic interceptions of the telephone lines associated to Washington.

On June 9, 2022, a federal court order for the interception of wire and electronic communications for the telephone line being utilized by Patrick Saultz was obtained as it related to the investigation into this DTO and their illegal activities. Based on the information obtained in the wire and electronic communications, in conjunction with the history of the investigation and the physical and electronic surveillance of this DTO, between June 29, 2022, and July 1, 2022, law enforcement executed ten search warrants on residences and storage facilities and four

search warrants on vehicles related to the DTO led by Washington and Saultz. According to the government, the searches of those locations, led to the seizure of over $1,000,000 in U.S. currency, copious amounts of suspected narcotics, and over 40 firearms. On June 29, 2022, search warrants were executed at the residences. During the execution of the search warrants, numerous members of the DTO were arrested.

On June 30, 2022, the Grand Jury returned an indictment for numerous target subjects related to this DTO, who were charged with federal offenses related to drug trafficking, firearms, and conspiracy to commit the like.

On October 5, 2022, the Grand Jury returned a Superseding Indictment (hereinafter "Indictment") in which Gabriel Smith (hereinafter "Smith" or "defendant") and numerous co-rdefendants were charged with various offenses pertaining to drug trafficking, conspiracy to commit the like, overdoses causing seriously bodily injury, or weapons offenses. More specifically, Smith was charged in Count One on the Indictment with Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl, Cocaine, Cocaine Base, Methamphetamine, Heroin, Marijuana, Alprazolam, and Oxycodone in violation of 21 U. S.C. §§ 841(a)(l), 841(b)(l)(A)(vi), 841(b)(l)(A)(ii), 841(b)(l)(A)(iii), 841(b)(l)(C), 841(b)(2), and 846.

Mr. Smith was charged in Count One along with twenty-two other co-defendants. Following the Indictment, multiple individuals were arrested, including this defendant. More specifically, the defendant was arrested on January 9, 2023 in Baytown, Texas. He was then transported to the Southern District of Ohio for his arraignment on the Indictment which took place before this Court on February 8, 2023. (ECF No. 383, Minute Entry). In the interim, the defendant made an oral motion to waive his detention hearing and remains incarcerated on federal charges at this time. (ECF No. 378, Minute Entry).

To date, the government has produced discovery on two dates with all information being loaded onto external hard drives.  These hard drives contain thousands of files, thousands of pages of documents, thousands of hours of pole camera footage and thousands of hours of phone calls captured pursuant to Title III wiretaps.

All counsel asked the Court to set a trial date outside of the Speedy Trial Act's 70-day rule because the ends of justice served by taking such action outweighs the best interest of the public and the defendant in a speedy trial. 18 U.S.C. §3161(h)(7)(A).  All defendants moved for a reasonable extension of the trial date scheduled for January 2023, citing the number of defendants, witnesses, victims, and the voluminous amounts of evidence in the form of intercepted wire and electronic communications, pole camera footage, and cellular phone extractions of over 50 phones. This Court agreed and designated this case as complex. (ECF No. 333.)

The trial for all defendants charged in this case is currently set for September 18, 2023.

**II.**

Rules 8(b) and 14(a) of the Federal Rules of Criminal Procedure govern the joinder and severance of defendants for trial. The Sixth Circuit recently stated:

> Defendants may be indicted together where they collectively participate in the same offense. Fed. R. Crim. P. 8(b). While a court may order separate trials if "consolidation for trial appears to prejudice a defendant," Fed. R. Crim. P. 14(a), severance is not the norm.  "Joint trials are favored[.]" *United States v. Tocco*, 200 F.3d 401, 413 (6th Cir. 2000). It's not just more efficient to have one trial and one set of evidentiary admissions for all defendants at once, *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992), but a joint trial also decreases the risk of inconsistent verdicts, *Richardson v. Marsh*, 481 U.S. 200, 210 (1987). Severance is appropriate, then, "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants[.]" *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

3

*U.S. v. Tisdale*, 980 F.3d 1089, 1094 (6th Cir. 2020) (parallel citations omitted). In other words, severance is necessary "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

The Sixth Circuit and the Supreme Court have explained that there is a "strong policy presumption" in favor of joint trials, *United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006), stating "joint trials conserve [government] funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." *United States v. Lane*, 474 U.S. 438, 449 (1986) (quotation omitted). For all of these reasons, "[t]here is a preference in the federal system for joint trials." *Zafiro*, 506 U.S. at 537.

Courts have refused to grant severance on the grounds that: (i) "a defendant might have a better chance for acquittal if tried separately"; (ii) "the co-defendants had different levels of culpability than the defendant seeking severance"; or (iii) "evidence may be admissible against one defendant but not against others." 1A Charles Alan Wright et al., *Federal Practice and Procedure*, § 223 (4th ed. 2015) (collecting cases); *see also United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006); *United States v. Lloyd*, 10 F.3d 1197, 1215 (6th Cir. 1993). "The risk of prejudice will vary with the facts in each case," and "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539. Motions for severance under Rule 14 thus fall under the "sound discretion" of the district court. *Id.* at 541.

**III.**

In his Motion, Mr. Smith asks for his case to be severed from the remaining 21 defendants because of the overwhelming complexity of this case, Mr. Smith disputes the charges, he was not connected with the more severe allegations and evidence to be presented against the other defendants, and there is a potential for guilt by association. All of this, in Defendant's view, "would

4

inevitably lead to a cumulative effect where the evidence would overwhelmingly taint the jury's perception of Mr. Smith, and it would be unjust and prejudicial to him. At this stage in the litigation, Mr. Smith's arguments are not well taken.

All of the offenses alleged in the Superseding Indictment "were conducted together and performed using a similar pattern of behavior," such that they can "can easily be viewed as part of one ongoing set of transactions, linked together by" the codefendants involved in the conspiracy. See United States v. *Beverly*, 369 F.3d 5198 (6th Cir. 2004) (finding joinder proper where two defendants were charged with a string of seven bank robberies that occurred over the course of approximately one year, and, Turns, the co-defendant appealing the denial of his severance motion, participated in some of those robberies while other co-defendants participated in others.).

The interrelated nature of the defendants' crimes however, is further shown by the overlapping evidence necessary to prove them. *See United States v. Reed*, 647 F.2d 678, 689 (6th Cir. 1981) (in upholding denial of severance motion, noting that "even had the defendants been granted separate trials, the prosecution could and would largely have introduced much if not all of the same testimony against each defendant"). The United States expects that the evidence presented at a hearing will include but not necessarily be limited to recorded phone calls of the defendant discussing narcotics transactions with other charged co-defendants; law enforcement testimony of multiple incidents of surveillance of the defendant's narcotics trafficking activities; information regarding the defendant traveling to West Virginia with other co-defendants to deliver fentanyl and crack cocaine to individuals there, toll records from the defendants phone contacts with other co-defendants and co-conspirators and West Virginia participants, and the testimony of confidential informants and co-conspirators related to his involvement.

While there is always a risk of prejudice, that will vary with the facts in each case, and here, less drastic measures, such as limiting instructions, will suffice to cure any risk of

prejudice. *Zafiro*, 506 U.S. at 539.  Indeed, implementing the strong policy presumption in favor of joint trials is appropriate here given the nature of the conspiracy allegations.

IV.

For the reasons set forth above, the Court **DENIES** the Motion to Sever filed by Gabriel Smith.  (ECF No. 460.)

**IT IS SO ORDERED.**

**7/28/2023**                                                       **s/Edmund A. Sargus, Jr.**
**DATE**                                                            **EDMUND A. SARGUS, JR.**
                                                                        **UNITED STATES DISTRICT JUDGE**